# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| STEFANIE ANDERS, Derivatively on behalf of Brookdale Senior Living Inc., <br><br> Plaintiff, <br><br> v. <br><br> LUCINDA M. BAIER, T. ANDREW SMITH, STEVEN E. SWAIN, MARCUS E. BROMLEY, FRANK M. BUMSTEAD, JACKIE M. CLEGG, DANIEL A. DECKER, RITA JOHNSON-MILLS, JEFFREY R. LEEDS, MARK J. PARRELL, WILLIAM G. PETTY, JR., GUY P. SANSONE, JAMES R. STEWARD, DENISE W. WARREN, LEE S. WIELANSKY, VICTORIA L. FREED, and JORDAN R. ASHER, <br><br> Defendants, <br><br> and <br><br> BROOKDALE SENIOR LIVING INC., a Delaware corporation, <br><br> Nominal Defendant. | Civil Action No.: 3:21-cv-00373 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Jeffery S. Frensley <br><br> **STIPULATION REGARDING CONSOLIDATION OF ACTIONS, APPOINTMENT OF LEAD COUNSEL, AND RELATED MATTERS AND [PROPOSED ORDER]** |

[*Caption continues on next page.*]

| | |
|---|---|
| PATRICIA TEMPLIN, Derivatively on behalf of Brookdale Senior Living Inc., | Civil Action No. 3:21-cv-00407 |
| Plaintiff | |
| v. | JURY TRIAL DEMANDED |
| LUCINDA M. BAIER, T. ANDREW SMITH, STEVEN E. SWAIN, MARCUS E. BROMLEY, FRANK M. BUMSTEAD, JACKIE M. CLEGG, DANIEL A. DECKER, RITA JOHNSON-MILLS, JEFFREY R. LEEDS, MARK J. PARRELL, WILLIAM G. PETTY, JR., GUY P. SANSONE, JAMES R. STEWARD, DENISE W. WARREN, LEE S. WIELANSKY, VICTORIA L. FREED, and JORDAN R. ASHER, | |
| Defendants, | |
| BROOKDALE SENIOR LIVING INC., a Delaware corporation, | |
| Nominal Defendant. | |

WHEREAS, there are presently two related demand-made shareholder derivative actions currently pending in this District against the Individual Defendants,[1] who are certain current and former directors and officers of nominal defendant Brookdale Senior Living Inc. ("Brookdale" or "Company") (Brookdale, together with the Individual Defendants, being collectively referred to herein as "Defendants"): *Anders v. Baier, et al.*, Case No. 3:21-cv-00373, and *Templin v. Baier, et al.*, 3:21-cv-00407 (together, the "Related Demand-Made Derivative Actions");

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Related Demand-Made Derivative Actions challenge similar alleged misconduct by Brookdale's directors and executive officers and involve common questions of law and fact. Accordingly, Plaintiffs Stefanie Anders and Patricia Templin ("Plaintiffs") respectfully submit that consolidation of the Related Demand-Made Derivative Actions is appropriate;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's resources, Plaintiffs propose that the Related Demand-Made Derivative Actions should be related and consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action (hereinafter referred to as the "Consolidated Demand-Made Derivative Action");

---

[1] The "Individual Defendants," in both the *Anders* and *Templin* civil actions, are Lucinda M. Baier, T. Andrew Smith, Steven E. Swain, Marcus E. Bromley, Frank M. Bumstead, Jackie M. Clegg, Daniel A. Decker, Rita Johnson-Mills, Jeffrey R. Leeds, Mark J. Parrell, William G. Petty, Jr., Guy P. Sansone, James R. Steward, Denise W. Warren, Lee S. Wielansky, Victoria L. Freed, and Jordan R. Asher.

WHEREAS, Johnson and Fistel, LLP and The Weiser Law Firm, P.C. seek to be designated as Co-Lead Counsel in the Consolidated Demand-Made Derivative Action, and Defendants take no position with respect to such designation or with respect to paragraphs 8 and 11 below;

WHEREAS, a class action alleging violations of the federal securities laws filed against Brookdale and certain of its officers was also filed and is pending in the United States District Court for the Middle District of Tennessee: *Posey v. Brookdale Senior Living Inc., et al.*, No. 3:20-cv-00543 (M.D. Tenn.) (Trauger, J.) (the "Federal Securities Class Action");

WHEREAS, the parties have conferred and agree that the Consolidated Demand-Made Derivative Action should not be consolidated with the Federal Securities Class Action because, while the actions are related, they are not suitable for consolidation because, among other reasons, the Federal Securities Class Action alleges violations of the federal securities laws against, among others, the Company, and whereas the Consolidated Demand-Made Derivative Action asserts claims purportedly *on behalf of* the Company;

WHEREAS, also pending in this District are two derivative actions, styled *Davis v. Baier, et al.*, Case No. 3:20-cv-00929, and *McMahon v. Sansone, et al.*, Case No. 3:21-cv-00280 ("Demand-Excused Actions");

WHEREAS, unlike the plaintiffs in the Related Demand-Made Derivative Actions, the plaintiffs in the Demand-Excused Actions did not make a litigation demand to Brookdale's Board of Directors (the "Board") before commencing their actions and allege that demand is excused under Delaware law, the state of incorporation for Brookdale.  As such, the plaintiffs in the Demand-Excused Actions must demonstrate that demand on the Board of Brookdale was futile at the time the Demand-Excused Actions were filed under Delaware law, an issue that is not relevant to the Related Demand-Made Derivative Actions.  Thus, given the differing threshold issues that

2

must be addressed by the Court, the Related Demand-Made Derivative Actions should not be consolidated with Demand-Excused Actions; and

WHEREFORE, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. Defendants hereby accept service of any papers or documents filed or served by Plaintiffs in the Related Demand-Made Derivative Actions and waive any defense of insufficiency of service of process. Defendants, however, do not waive any objection to the jurisdiction of this Court or any other defenses. Defendants need not answer, move, or otherwise respond to any of the complaints that have been filed in the Related Demand-Made Derivative Actions.

2. The following actions are hereby related and consolidated for pre-trial proceedings:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Anders v. Baier, et al.* | 3:21-cv-00373 | May 10, 2021 |
| *Templin v. Baier, et al.* | 3:21-cv-00407 | May 21, 2021 |

3. Every pleading filed in the Consolidated Demand-Made Derivative Action, or in any separate action included herein, must bear the caption of the first-filed *Anders* action.

4. The files of the Consolidated Demand-Made Derivative Action shall be maintained in one file under Lead Case No. 3:21-cv-00373.

5. This Order shall apply to each purported demand-made derivative action arising out of the same or substantially the same transactions or events as the Consolidated Demand-Made Derivative Action, which is subsequently filed in, removed to, or transferred to this Court.

6. When a case that properly belongs as part of the Consolidated Demand-Made Derivative Action is hereafter filed in this Court or transferred here from another court, counsel

3

shall promptly call to the attention of the Clerk of the Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Demand-Made Derivative Action.

7.      Within thirty (30) days of the entry of an order consolidating the Related Demand-Made Derivative Actions, Co-Lead Counsel and counsel for Defendants shall meet and confer regarding further proceedings in the Consolidated Demand-Made Derivative Action and shall submit a stipulation and proposed order regarding further proceedings with the Court or, in the event counsel for the parties are unable to agree on a proposed schedule for the conduct of further proceedings, Plaintiffs' Co-Lead Counsel and counsel for Defendants shall submit a joint status report setting forth their respective views regarding proceedings in the Consolidated Demand-Made Derivative Action.

8.      Pursuant to the stipulation of Plaintiffs' counsel, Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Demand-Made Derivative Action are:

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
MARY ELLEN CONNER
40 Powder Springs Street
Marietta, GA 92101
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: michaelf@johnsonfistel.com
Email: maryellenc@johnsonfistel.com

and

THE WEISER LAW FIRM, P.C.
JAMES M. FICARO
Four Tower Bridge
200 Barr Harbor Dr., Suite 400
West Conshohocken, PA 19428
Telephone: (610) 225-0206
Facsimile: (610) 408-8062
jmf@weiserlawfirm.com

4

9.     Plaintiffs' Co-Lead Counsel shall have authority to speak for Plaintiffs in matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative and unproductive effort.

10.     Plaintiffs' Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs.  No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff except through Plaintiff's Co-Lead Counsel.

11.     Liaison Counsel for Plaintiffs for the conduct of this Consolidated Demand-Made Derivative Action is:

WADE B. COWAN, ATTORNEY AT LAW
Wade B. Cowan
P.O. Box 50617
Nashville, TN 37205
Telephone: (615) 352-2331
Facsimile: (615) 242-7853
Email: wcowan@dhhrplc.com

12.     Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to Co-Lead Counsel.  Plaintiffs' Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

13.     Defendants' counsel may rely upon all agreements made with any of Plaintiffs' Co-Lead Counsel, or other duly authorized representative of Plaintiffs' Co-Lead Counsel, and such agreements shall be binding on Plaintiffs.

14.     Unless otherwise altered, this Order shall apply to each derivative case arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in, removed to, or transferred to this Court.

5

15.    When a case which properly belongs as part of this Consolidated Demand-Made Derivative Action is filed, counsel are to assist in ensuring that counsel in subsequent actions receive notice of this Order.

Respectfully submitted,

DATED:  June 1, 2021

*s/ Michael I. Fistel, Jr.*
MICHAEL I. FISTEL, JR.

**JOHNSON FISTEL, LLP**
Michael I. Fistel, Jr.
Mary Ellen Conner (*pro hac vice* forthcoming)
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: michaelf@johnsonfistel.com
          maryellenc@johnsonfistel.com

**THE WEISER LAW FIRM, P.C.**
James M. Ficaro (*pro hac vice* forthcoming)
Four Tower Bridge
200 Barr Harbor Dr., Suite 400
West Conshohocken, PA 19428
Telephone: (610) 225-0206
Facsimile: (610) 408-8062
Email: jmf@weiserlawfirm.com

*Proposed Co-Lead Counsel*

**WADE B. COWAN, ATTORNEY AT LAW**
Wade B. Cowan
P.O. Box 50617
Nashville, TN 37205
Telephone: (615) 352-2331
Facsimile: (615) 242-7853
Email: wcowan@dhhrplc.com

*Proposed Liaison Counsel*

DATED: June 1, 2021                       *s/ Britt K. Latham*
                                                 Britt K. Latham
                                                 (signed by Michael I. Fistel, Jr. with permission of Britt K. Latham)

**BASS BERRY & SIMS PLC**
Britt K. Latham (BPR #023149)
Briana T. Sprick Schuster (BPR #038305)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Email: blatham@bassberry.com
           briana.sprick.schuster@bassberry.com

**JONES DAY**
Geoffrey J. Ritts (*pro hac vice* forthcoming)
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-7065
Email: gjritts@JonesDay.com

***Attorney for Defendants***

*Filer's Attestation: Pursuant to the Court's CM/ECF Manual regarding signatures, Michael I. Fistel, Jr. hereby attests that concurrence in the filing of his document has been obtained.*

*      *      *

SO ORDERED this _____ day of _____, 2021.

                                    _____
                                    THE HONORABLE ALETA A. TRAUGER
                                    UNITED STATES DISTRICT JUDGE

7

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon the following via e-mail and through the Court's Electronic Filing System:

| | |
|---|---|
| Wade B. Cowan<br>WADE B. COWAN, ATTORNEY AT LAW<br>P.O. Box 50617<br>Nashville, TN 37205<br>Email: wcowan@dhhrplc.com | James M. Ficaro<br>THE WEISER LAW FIRM, P.C.<br>Four Tower Bridge<br>200 Barr Harbor Dr., Suite 400<br>West Conshohocken, PA 19428 |
| Geoffrey J. Ritts<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190 | |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 1, 2021.

*s/ Michael I. Fistel, Jr.*
MICHAEL I. FISTEL, JR.